UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 2:23-cr-20394

                                                 Honorable Sean F. Cox

ISAAC YOUNG,
    Defendant.
_____/

## OPINION AND ORDER
## AFFIRMING MAGISTRATE JUDGE'S ORDER SETTING CONDITIONS OF RELEASE

### INTRODUCTION

    This matter is before the Court on the Government's appeal of Magistrate Judge Grand's July 19, 2023, Order Setting Conditions of Release. (ECF No. 13). The parties appeared before this Court for a hearing on July 20, 2023. For the reasons set forth below, the Court will AFFIRM Magistrate Judge Grand's Order Setting Conditions of Release with an additional bond condition of home detention with essential leave and discretionary leave and removing the condition of standalone monitoring.

### BACKGROUND

    In this criminal action, Defendant Isaac Young ("Defendant") is charged with one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).

    At the July 19, 2023, detention hearing, Pretrial Services recommended that Defendant be detained.

    After holding a detention hearing on July 19, 2023, during which the parties proceeded by way of proffer, Magistrate Judge Grand ordered that Defendant be released on bond, with a

1

number of conditions. The Government has appealed that ruling, pursuant to 18 U.S.C. § 3145(a)(1).

The Court has reviewed the briefs, the Pretrial Services Report ("PSR"), Defendant's Entertainment Income Agreement with Capitol Music Group, and listened to the July 19, 2023, audio recordings of the detention hearing before Magistrate Judge Grand. This Court held an appeal hearing on July 20, 2023.

## ANALYSIS

Under 18 U.S.C. § 3145(a)(1), the Government may seek review of a magistrate judge's release order. The Court reviews the appeal *de novo*. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

As Magistrate Judge Grand stated at the July 19, 2023, hearing, for a defendant to be detained on bond pending trial, the Government must show "by clear and convincing evidence" that there is "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(f)(2)(b)) 18 U.S.C. § 3142(e).

The Court must consider the following factors from § 3142(g) to determine whether no condition or combination of conditions exists that will reasonably assure Defendant's appearance and the safety of the community: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against Defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person in the community that would be posed by Defendant's release.

This Court agrees with Magistrate Judge Grand that these factors weigh in favor of release.

1. **Nature and Circumstances of Offenses Charged**

As Magistrate Judge Grand stated at the July 19, 2023, hearing, the nature and circumstances of the offenses charged in this case weigh in favor of detention. Defendant is charged with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Defendant was found injured at the scene of a shooting on February 1, 2023. Near Defendant, Police found a gun and bullet casings from that gun, indicating that the gun was used in the shooting. (7/19/23 Hr'g). Upon swabbing the weapon, police found Defendant's DNA on the gun. (*Id.*). Approximately six months after the incident, Defendant was indicted for possession of that weapon in that incident. (ECF No. 1).

As Magistrate Judge Grand further stated at the July 19, 2023, hearing, Defendant was linked to this weapon during a violent shooting which weighs in favor of detention.

2. **Weight of Evidence Against the Defendant**

In determining the weight of evidence against the defendant, Courts look to the evidence as it relates to both the dangerousness and the risk of nonappearance.

The PSR states that while Defendant poses a risk of nonappearance there are a combination of conditions which can be imposed to mitigate these risks. (PSR at 8).

The PSR also states that Defendant poses a risk of danger for the following reasons: (1) nature of instant offense; (2) prior arrests and convictions; (3) substance abuse history; (4) pretrial, probation, parole, or supervised release status and compliance; (5) safety concerns for the community; (6) criminal history; (7) criminal activity while under supervision; criminal association; and (7) gang affiliation. However, this Court believes there are a combination of

conditions of release which can be imposed to mitigate these risks. This factor thus favors release.

### 3. Defendant's History and Characteristics

Magistrate Judge Grand also noted concerns regarding Defendant's history and characteristics. Defendant's criminal record includes trespassing, a felony weapons offense, felony stolen property, felony financial transaction, possession/use of a financial control device, forgery, corrupt business influence, counterfeiting, theft, and, most recently, a felony charge for assaulting/resisting/obstructing a police officer. (PSR at 3–7). However, as Magistrate Judge Grand noted, a majority of these are non-violent offenses. Further, Defendant has not had any other incidents in the last six months.

Magistrate Judge Grand stated that the concerns regarding Defendant's history and characteristics are mitigated by Defendant's "Entertainment Income Agreement". Defendant is on the precipice of a burgeoning music career. The Entertainment Income Agreement shows he signed a $550,000 contract with Capitol Music Group on June 26, 2023. He has the potential for a lucrative career that would be derailed if he were detained pending trial. As Magistrate Judge Grand stated, this weighs heavily against detention because it shows the great risk Defendant faces of not complying with the terms of release. This Court agrees.

This factor should thus weigh in favor of release.

### 4. Danger to the Community

As detailed above, Magistrate Judge Grand believes there are conditions for release that can reasonably assure the appearance of Defendant and the safety of the community. This Court agrees. This factor also favors release.

**Summation of Factors**

The totality of all four factors thus weighs in favor of release. The Court finds that the Government has thus failed to show "by clear and convincing evidence" that there is "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" As such, this Court finds that Defendant should be released on bond pending trial as outlined in the Order Setting Conditions of Release (ECF No. 14) and the Appearance Bond (ECF No. 15) with modifications. These modifications include home detention with essential leave and discretionary leave and removing the condition of standalone monitoring.

This release includes very strict conditions. As Magistrate Judge Grand stated at the July 19, 2023, hearing, the consequences of Defendant violating the terms of his release will be severe. There will be zero tolerance for any violations.

## CONCLUSION & ORDER

Weighing these factors, this Court finds the Government has not established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community.  Accordingly, **IT IS ORDERED** that Magistrate Judge Grand's Order Setting Conditions of Release is **AFFIRMED** with modifications as outlined above. This Court **ORDERS** that Defendant is **RELEASED** on bond pending trial.

**IT IS SO ORDERED.**

Dated:  July 20, 2023                  s/Sean F. Cox
                                                Sean F. Cox
                                                U. S. District Judge