UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Case No. 23-CR-20394

v.

Hon. Sean F. Cox

Isaac Young,

Defendant.

_____/

## THE UNITED STATES' SENTENCING MEMORANDUM

Isaac Young is a convicted felon and a member of a local street gang. His record is replete with violations while under court supervision. Here, while on state probation, Young possessed a Glock 9mm pistol when he engaged in a shootout at a local apartment complex. Because Young's illegal possession of a firearm presents a danger to the community and a disrespect of the courts, the United States recommends a 46-month sentence followed by a 3-year term of supervised release. Such a sentence would be "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

## I.     Facts and Procedural History

On February 1, 2023, at approximately 2:30 a.m., a woman called 911 to report gunfire and a man banging on her apartment door in Wixom, Michigan. PSR

¶ 11. Responding officers found Young standing in front of the apartment building and bleeding from multiple wounds. PSR ¶ 11. After rendering him aid, police located blood outside the 911 caller's home, followed the blood trail, and found a pink Glock 19 9mm pistol partially concealed under construction material. PSR ¶ 11. Young's blood was on the Glock 19 pistol. PSR ¶ 11. Police collected a total of 24 cartridge casings from the scene. PSR ¶ 11. Four of the casings were 9mm, and twenty were .357 caliber. PSR ¶ 11. Officers saw bullet holes in the apartment building's windows and walls. PSR ¶ 11. Nearby vehicles were also damaged by gunfire. PSR ¶ 11.

Police reviewed Young's cell phone as part of the subsequent investigation. PSR ¶ 12. They learned that Young had called several members of the Cashgang near the time the shooting occurred at the apartment complex. PSR ¶ 12. Hours later, following Young's call, a Draco AK-47 style rifle was used in a drive-by shooting. PSR ¶ 12. The Michigan State Police had found Young and other Cashgang members in a car with the same Draco rifle 11 days earlier. PSR ¶¶ 10, 12.

On June 30, 2023, Young was charged by federal criminal complaint with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). PSR ¶ 1. On July 11, 2023, an indictment was filed charging Young with violating § 922(g)(1). PSR ¶ 2. On August 23, 2024, without the benefit of a Rule 11 plea agreement, Young pleaded guilty to felon in possession of a firearm. PSR ¶ 7.

## II.     Sentencing Guidelines Calculation and Relevant 3553(a) Factors

### A.     The Sentencing Guidelines Range

Although advisory, the Sentencing Guidelines remain an important factor under 18 U.S.C. § 3553(a) in fashioning an appropriate sentence. As noted in *United States v. Rita*, 551 U.S. 338, 350 (2007), "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives."

The United States Probation Office calculated Young's criminal history category to be IV and offense level of 17. PSR ¶¶ 28, 39. The government concurs with the calculation of the guidelines in the pre-sentence report, resulting in a sentencing guideline range of 37 to 46 months. PSR ¶ 69.

### B.     Nature and circumstances of the offense and history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1)

Since becoming an adult in 2017, Young has been committing crimes, ignoring the courts' authority, and placing his community in danger. In 2017, 2018, and 2019, Young committed theft, fraud, and forgery-related felony offenses in numerous states across the Midwest. PSR ¶¶ 31-35. The state courts provided Young multiple opportunities to avoid incarceration by serving terms of probation. PSR ¶¶ 31-35. Young, however, ignored the courts' conditions of supervision, committed new crimes, and repeatedly violated his probation. PSR ¶¶ 31-35.  On June 30, 2022, because he was absconding from his probation, Young endangered local sheriff's

3

deputies by fleeing from a traffic stop. PSR ¶ 36. He later pleaded guilty to resisting police and again was sentenced to probation. PSR ¶ 36. On January 20, 2023, just three weeks after starting his probation, Young and other Cashgang members were stopped in a car containing numerous firearms including a pink Glock 19 pistol consistent with the gun he possessed during the instant offense. PSR ¶¶ 10, 11, 36.

Little in Young's history should give the Court confidence that, if released, he would live a crime-free life. To the contrary, his history suggests that Young will violate probation and expose this community to more of his dangerous behavior. A 46-month sentence is appropriate.

### C.      Seriousness of the Offense, Adequate Deterrence, and Protecting the Public, 18 U.S.C. § 3553(a)(2)(A), (B), and (C)

Gun violence is a serious problem in this country in general and in Detroit in particular. When firearms fall into the hands of convicted felons, Congress' gun control measures are thwarted. Title 18, United States Code Section 922(g)(1) is an important gun control measure aimed at preventing convicted felons from having a firearm because of the danger they pose to the community if they do. In enacting 18 U.S.C. § 922(g)(1) and prohibiting possession of firearms by felons, "Congress sought to rule broadly—to keep guns out of the hands of those who have demonstrated that 'they may not be trusted to possess a firearm without becoming a threat to society.'" *Scarborough v. United States,* 431 U.S. 563, 572 (1977) (quoting 114 Cong. Rec. 14773 (1968)).  Given his prior felony convictions, and his actions

4

here, Young is exactly the sort of person Congress intended to prohibit from possessing a firearm.

The Court's sentence needs to clearly communicate to Young that such behavior won't be tolerated. The government believes a 46-month sentence will send the proper message to Young and others, reflect the seriousness of the offense, and protect the public.

**D.      Providing Young with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. § 3553(a)(2)(D)**

Young's actions are inexcusable. He reports having a good upbringing, remains in contact with many family members, and doesn't appear to have faced the same hardships that many others have been forced to overcome. PSR ¶¶ 45, 46, 51, 52. However, the pre-sentence report does indicate that certain factors might have contributed to his inability to avoid a life of crime. Young struggled academically and has limited job skills outside of his music career. PSR ¶¶ 55-61.

Therefore, the government recommends that he participate in the Bureau of Prisons' Basic Cognitive Skills and Vocational Training Programs. *See* Government's Exhibit A, First Step Act Approved Programs Guide, pages 8, 44. Participation in these programs will help stabilize Young, provide him the skills needed to succeed upon release, and thereby decrease the likelihood of recidivism.

## III.   Conclusion

The United States recommends a sentence of 46 months of incarceration followed by a 3-year term of supervised release.

Respectfully submitted,

Julie A. Beck
Acting United States Attorney

*s/Jeremiah G. Smith*
JEREMIAH G. SMITH
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-0242
jeremiah.smith@usdoj.gov

Date: January 22, 2025

**Certificate of Service**

I certify that on January 22, 2025, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification of this filing to all counsel of record via electronic mail.

*s/Jeremiah G. Smith*
JEREMIAH G. SMITH
Assistant United States Attorney